UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA MARIE TROTTIER, a/k/a<br>JESSICA MARIE LATTERGRASS;<br>CESAR AMBROSIO LOPEZ;<br>ARTURO GUZMAN; and<br>MATTHEW ZENON WOOD,<br><br>Defendants. | Case No. 3:22-cr-184<br><br>**UNITED STATES' EXPERT WITNESS NOTICE** |

The United States of America provides notice of the anticipated testimony of the following expert witnesses under Fed. R. Crim. P. 16(a)(1)(G).

1. **Amy Ebbert**, Forensic Scientist II, North Dakota Attorney General's Office, State Crime Lab, Bismarck, ND.[1]

    a. <u>Summary</u>: The United States expects Ms. Ebbert will testify consistent with her report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 030604. Ms. Ebbert has signed and certified her report. She will provide testimony related to the items seized from Defendant Brendan Moore during a search of his vehicle on January 12, 2022. Ms. Ebbert will testify regarding her analysis of the controlled substances, which is comprised of multiple baggies of crystalline substance containing approximately 674 total grams of methamphetamine.

    b. <u>Bases for Opinions</u>: Ms. Ebbert will testify as to the basis of her opinions, including the standard operating procedures of the North Dakota Crime Lab in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in her analysis of the items, as reflected fully in the North Dakota Crime Lab Discovery Packet, which has been provided in discovery at Bates 036309-036450. Those testing processes and techniques include using pharmaceutical identifiers,

---

[1] Attached as Exhibit 1 is an Expert Witness Disclosure Acknowledgement signed by Amy Ebbert.

conducting a color test, and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the North Dakota Crime Lab discovery packet.

c.  Statement of Opinions: Ms. Ebbert will testify she received two bags of a crystalline substance. One contained approximately 620 grams of methamphetamine, and the other contained approximately 54 grams of methamphetamine.

d.  Qualifications: Ms. Ebbert's qualifications are reflected in her curriculum vitae, attached as Exhibit 2 and provided in discovery at Bates 036674.[2]

e.  Cases Testified as an Expert within Previous Four Years:

   a.  State v. Jerry Dean Mostad and Annette D. Mostad – Pembina County, ND, Cases 34-2019-CR-31 and 34-2019-CR-32
   b.  State v. Moses B. Yalartai – Cass County, ND, Case 09-2021-CR-2202
   c.  State v. Laquann Lashley – Cass County, ND, Case 09-2021-CR-5247
   d.  State v. Donald Thomas Keown – Grand Forks County, ND, Case 18-2023-CR-343
   e.  State v. Jesse Dawn Lipsh – Pembina County, ND, Case 34-2021-CR-202

f.  Publications Authored in Previous Ten Years: N/A.

2.  **Paul Cichos**, Detective, Fargo Police Department, Fargo, ND.[3]

a.  Summary: The United States expects Paul Cichos will testify regarding a phone download he performed of codefendant Dana Thomas's cellular phone on February 23, 2022, seized from Thomas on or about February 10, 2022. The United States also expects Detective Cichos to testify regarding a phone download he performed of Defendant Matthew Wood's cellular phone on February 20, 2024, seized from Wood on or about October 6, 2022.

---

[2] Fed. R. Crim. P. 16(a)(1)(G)(iv) (information previously disclosed may be referred to rather than repeated in this disclosure).

[3] Attached as Exhibit 3 is an Expert Witness Disclosure Acknowledgement signed by Paul Cichos.

b. <u>Bases for Opinions</u>: Detective Cichos is a Cellebrite trained operator and will testify about the imaging of the cell phones, examination process, forensic tools utilized, and results of the examinations. A report regarding the examination process, including use of the forensic tools and the Cellebrite forensic examination, which set forth the results of the examination, were previously provided to Defendants in discovery in native format at E99 and Bates 030014 for Thomas's phone. Thomas's entire phone dump was provided to Defendants in native format at discovery item E100 and at Bates 032379. Reports regarding Wood's phone was provided to Defendants in discovery at Bates 042117-042119 and 042616-043004, and the entire phone dump will be provided to Defendants in native format in supplemental discovery. As set forth in the reports, Agent Cichos will testify about his recovery of text messages, calls, pictures, and other data from both Thomas's and Wood's phones.

c. <u>Statement of Opinions</u>: Agent Cichos will testify the phone downloads are relatively complete and accurate copies of the contents of Thomas's and Wood's phones, although the Cellebrite technology may not be able to get all information from a phone, depending on the phone's make, model, year of manufacture, and security settings.

d. <u>Qualifications</u>: Agent Cichos's qualifications are reflected in his curriculum vitae, attached as Exhibit 4 and to be provided in supplemental discovery.

e. <u>Cases Testified as an Expert in Previous Four Years</u>: N/A.

f. <u>Publications Authored in Previous Ten Years</u>: N/A.

3. **William Bennett**, Special Agent, Minnesota Bureau of Criminal Apprehension, Bemidji, MN.[4]

a. Summary: The United States expects William Bennett will testify regarding the phone download he performed in this case on April 20, 2023, of codefendant Tony Enno's cell phone, seized from Enno on September 21, 2022

b. <u>Bases for Opinions</u>: Agent Bennett is a certified Cellebrite operator and will testify about the imaging of the cell phone, examination process, forensic tools utilized, and results of the examination. Reports regarding the examination process, including use of the forensic tools and the Cellebrite

---

[4] Attached as Exhibit 5 is an Expert Witness Disclosure Acknowledgement signed by William Bennett.

forensic examination, which set forth the results of the examination, were previously provided to Defendant in discovery in native format at Bates 034673 and 034223. As set forth in the reports, Agent Bennett will testify about his recovery of text messages, calls, pictures, and other data from Enno's cell phone.

c. <u>Statement of Opinions</u>: Agent Bennett will testify the phone download is a relatively complete and accurate copy of the contents of Enno's phone, although the Cellebrite technology may not be able to get all information from a phone, depending on the phone's make, model, year of manufacture, and security settings.

d. <u>Qualifications</u>: Agent Bennett's qualifications are reflected in his curriculum vitae, attached as Exhibit 6 and to be provided in supplemental discovery.

e. <u>Cases Testified as an Expert in Previous Four Years</u>:

    a. <u>State of Minnesota v. Natausha Smith</u> – Sixth Judicial District, St. Louis County, Minnesota, Case 69DU-CR-18-706.
    b. <u>United States v. Maynor Calix-Lopez</u> – United States District Court, District of North Dakota, Case 3:22-cr-3.

f. <u>Publications Authored in Previous Ten Years</u>: N/A.

4. **Stephen Borowski**, Drug Enforcement Administration, Fargo, ND.[5]

a. <u>Summary</u>: The United States expects Steve Borowski will testify based on his education, training, and experience as a narcotics investigator and the common practices of drug traffickers, their modus operandi, and tools of the trade.

b. <u>Bases for Opinions</u>: Agent Borowski has been instructed in the preparation of and service of search warrants and has assisted in the execution of numerous search warrants involving the trafficking of narcotics throughout his employment where narcotics, drug paraphernalia, and indicia of drug trafficking have been seized. Agent Borowski has also interviewed numerous methamphetamine users and distributors, both during active investigations and through proffer interviews. Through his training and discussions with drug traffickers and users, Agent Borowski is familiar with source locations for various controlled substances, the street value of various controlled

---

[5] Attached as Exhibit 7 is an Expert Witness Disclosure Acknowledgement signed by Agent Borowski.

substances in the local drug market, the street value in other geographic locations in the United States, and the amounts and means of ingestion of various controlled substances by typical users of those substances.

c. <u>Statement of Opinions</u>: Agent Borowski will testify the quantity of methamphetamine seized during this investigation could be broken down or re-packaged and sold at a substantial profit in the local community. Agent Borowski will provide his opinion about the approximate prices and average use of methamphetamine in and around the Fargo/Moorhead area.

Agent Borowski will explain the tactics and methods employed by drug traffickers to smuggle and safeguard controlled substances. His opinions will also explain drug trafficking business concepts and practices such as the use of distributors, packaging, weighing, distributing, tools of the trade, and related issues as well as the practice of "fronting" in drug trafficking. He will also describe jargon or code commonly used in drug trafficking and that jargon or code are common methods of concealment used by drug traffickers.

Agent Borowski will describe the importance and use of cell phones and the role they play in drug trafficking, and he will discuss how drug distributors attempt to conceal their activities by keeping vehicles, hotels, phones, and other tools of the trade registered to others in hopes of minimizing the risk and creating a confusing paper trail. He will explain drug traffickers frequently use electronic devices such as cell phones to communicate about the business of distributing drugs, including coordinating meetings for exchanges of drugs and money, via text messaging, social media apps, and phone calls. Drug traffickers frequently use multiple cell phones (including "burner phones") in their drug enterprises as a way of thwarting law enforcement's attempts at detecting their activities. Drug traffickers often delete conversations, change phones, numbers, or sim cards, all with the purposes of concealing their activities and destroying records evidencing their illicit dealings.

Agent Borowski will also describe the importance and use of firearms in drug cases and why and how drug dealers utilize firearms during and throughout their drug dealing activities.

d. <u>Qualifications</u>: Agent Borowski's qualifications are reflected in his curriculum vitae, attached as Exhibit 8 and to be provided in supplemental discovery.

e. <u>Cases Testified as an Expert in Previous Four Years</u>: N/A.

   f.  <u>Publications Authored in Previous Ten Years</u>: N/A.

**5. Brooke Johnson**, Translator, Spanish Interpreting LLC, Fargo, ND.[6]

   a.  <u>Summary</u>: In this case, several coconspirators are native Spanish speakers. They communicated through text messages in Spanish, and their cell phone data is in Spanish. The United States expects Ms. Johnson will testify to having translated text messages from codefendant Carlos Batista Rodriguez's cell phone from Spanish to English.

   b.  <u>Basis for Opinions</u>: Ms. Johnson accurately translated the text messages and cell phone documents based on her education, training, and experience being fluent in Spanish and her employment as an interpreter for the Courts, during proffer interviews, and in her multi-faceted career teaching Spanish to native English speakers and English to native Spanish speakers. Ms. Johnson's translations will be provided in supplemental discovery, and these records have already been translated by law enforcement and disclosed at Bates 027157-027170 and 024733-024802.

   c.  <u>Statement of Opinions</u>: Ms. Johnson's opinions are reflected in the translated text messages to be disclosed. Her opinions reflect what the Spanish text messages mean in English, and these translations will be provided in discovery as noted above.

   d.  <u>Qualifications</u>: Ms. Johnson's qualifications are reflected in her curriculum vitae, attached as Exhibit 10 and to be provided in supplemental discovery.

   e.  <u>Cases Testified as an Expert in Previous Four Years</u>:

      a.  <u>United States v. Maynor Calix-Lopez</u>, United States District Court, District of North Dakota, Case 3:22-cr-3.

   f.  <u>Publications Authored in Previous Ten Years</u>: Master's Thesis, Minnesota State University Moorhead, 2015 – Language Contribution to the Perception of Self-Identity of Mexican-American Women.

---

[6] Attached as Exhibit 9 is an Expert Witness Disclosure Acknowledgement signed by Ms. Johnson.

6. **Trevor Curtis**, Forensic Chemist, Drug Enforcement Administration, North Central Laboratory, Chicago, IL.[7]

    a. <u>Summary</u>: The United States expects Mr. Curtis will testify consistent with his reports and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 035547 and 036759. Mr. Curtis has signed and certified his reports. Regarding Bates 036759, Mr. Curtis will provide testimony related to drugs seized from a search of codefendant Dominick Ross's shop in West Fargo on July 22, 2021. Mr. Curtis will testify regarding his analysis of the controlled substances, which is comprised of multiple baggies of crystalline substance, which contained approximately 4,428 grams of methamphetamine. Regarding Bates 035547, Mr. Curtis will provide testimony related to drugs seized from codefendant Carlos Batista Rodriguez on September 1, 2022, near Williston, North Dakota. Mr. Curtis will testify regarding his analysis of the controlled substance, which is comprised of a baggie containing multiple blue M30 pills, which contained approximately 21.4 grams of fentanyl.

    b. <u>Bases for Opinions</u>: Mr. Curtis will testify as to the basis of his opinions, including the standard operating procedures of the North Central Laboratory in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in his analysis of the items, as reflected fully in the case details reports and data packets for both lab reports, both of which were provided in discovery at Bates 035281, 035289, 036761, and 036750. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case details reports and data packets.

    c. <u>Statement of Opinions</u>: With regard to the lab report at Bates 036759, Mr. Curtis will testify he received ten bags of a crystalline substance, which in total contained approximately 4,428 grams of methamphetamine. With regard to the lab report at Bates 035547, Mr. Curtis will testify he received a baggie of blue M30 pills, which in total contained approximately 197 pills containing 21.4 grams of fentanyl.

    d. <u>Qualifications</u>: Mr. Curtis's qualifications are reflected in his curriculum vitae, attached as Exhibit 11 and provided in discovery at Bates 035287.

---

[7] Mr. Curtis has signed and certified his lab reports, which have been disclosed in discovery. Fed. R. Crim. P. 16(a)(1)(G)(v) (expert witness need not approve and sign the disclosure if expert previously provided a signed report containing all opinions and reasoning).

e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

7. **Heather Miller**, Senior Forensic Chemist, Drug Enforcement Administration, North Central Laboratory, Chicago, IL.[8]

a. <u>Summary</u>: The United States expects Ms. Miller will testify consistent with her report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 035225. Ms. Miller has signed and certified her report. Ms. Miller will provide testimony related to drugs seized from codefendant Cesar Lopez's vehicle on August 21, 2022 in Morton County, ND. Ms. Miller will testify regarding her analysis of the controlled substances, which is comprised of one approximately one-pound bag of crystalline substance, which contained approximately 438 grams of methamphetamine.

b. <u>Bases for Opinions</u>: Ms. Miller will testify as to the basis of her opinions, including the standard operating procedures of the North Central Laboratory in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in his analysis of the items, as reflected fully in the case details reports and data packets for both lab reports, both of which were provided in discovery at Bates 036846 and 036850. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case details reports and data packets.

c. <u>Statement of Opinions</u>: Ms. Miller will testify she received one bag of a crystalline substance, which in total contained approximately 438 grams of methamphetamine.

d. <u>Qualifications</u>: Ms. Miller's qualifications are reflected in her curriculum vitae, attached as Exhibit 12 and provided in discovery at Bates 035227.

e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

---

[8] Ms. Miller has signed and certified her lab report, which have been disclosed in discovery. Fed. R. Crim. P. 16(a)(1)(G)(v) (expert witness need not approve and sign the disclosure if expert previously provided a signed report containing all opinions and reasoning).

 f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

**8. Tolulope Omosun**, Forensic Chemist, Drug Enforcement Administration, North Central Laboratory, Chicago, IL.[9]

 a. <u>Summary</u>: The United States expects Mr. Omosun will testify consistent with his report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 035225. Mr. Omosun has signed and certified his report. Mr. Omosun will provide testimony related to drugs seized from codefendant Michael Gourneau on June 13, 2022 in Fargo, ND. Mr. Omosun will testify regarding his analysis of the controlled substances, which is comprised of one bag of crystalline substance, which contained approximately 37.307 grams of methamphetamine.

 b. <u>Bases for Opinions</u>: Mr. Omosun will testify as to the basis of his opinions, including the standard operating procedures of the North Central Laboratory in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in his analysis of the item, as reflected fully in the case details report and data packet provided in discovery at Bates 035645 and 035649. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case details reports and data packets.

 c. <u>Statement of Opinions</u>: Mr. Omosun will testify he received one bag of a crystalline substance, which in total contained approximately 37.307 grams of methamphetamine.

 d. <u>Qualifications</u>: Mr. Omosun's qualifications are reflected in his curriculum vitae, attached as Exhibit 13 and provided in discovery at Bates 035665.

 e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

 f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

---

[9] Mr. Omosun has signed and certified his lab report, which has been disclosed in discovery. Fed. R. Crim. P. 16(a)(1)(G)(v) (expert witness need not approve and sign the disclosure if expert previously provided a signed report containing all opinions and reasoning).

9. **Seth Hidalgo**, Forensic Chemist, Drug Enforcement Administration, Western Laboratory Laboratory, Pleasanton, CA.[10]

a. <u>Summary</u>: The United States expects Mr. Hidalgo will testify consistent with his report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 036307. Mr. Hidalgo has signed and certified his report. Mr. Hidalgo will provide testimony related to drugs seized from codefendant Hugo Yanez Rivera during a search of his vehicle in Montana on January 25, 2022. Mr. Hidalgo will testify regarding his analysis of the controlled substances, which is comprised of multiple baggies of crystalline substance, which contained approximately 3,551 grams of methamphetamine.

b. <u>Bases for Opinions</u>: Mr. Hidalgo will testify as to the basis of his opinions, including the standard operating procedures of the Western Laboratory in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in his analysis of the items, as reflected fully in the case details reports and data packets for the lab report, which were provided in discovery at Bates 035258 and 035249. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case details report and data packet.

c. <u>Statement of Opinions</u>: Mr. Hidalgo will testify he received eight bags of a crystalline substance, which in total contained approximately 3,551 grams of methamphetamine.

d. <u>Qualifications</u>: Mr. Hidalgo's qualifications are reflected in his curriculum vitae, attached as Exhibit 14 and provided in discovery at Bates 035279.

e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

---

[10] Mr. Hidalgo has signed and certified his lab reports, which have been disclosed in discovery. Fed. R. Crim. P. 16(a)(1)(G)(v) (expert witness need not approve and sign the disclosure if expert previously provided a signed report containing all opinions and reasoning).

10. **Ticia Eccardt**, Senior Forensic Chemist, Drug Enforcement Administration, North Central Laboratory, Chicago, IL.[11]

   a. <u>Summary</u>: The United States expects Ms. Eccardt will testify consistent with her report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 036302. Ms. Eccardt has signed and certified her report. Ms. Eccardt will provide testimony related to drugs seized from codefendant Hugo Yanez Rivera on or about September 2, 2022, in Morton County, ND. Ms. Eccardt will testify regarding her analysis of the controlled substance, which is comprised of multiple baggies of crystalline substance, which contained approximately 4,400 grams of methamphetamine.

   b. <u>Bases for Opinions</u>: Ms. Eccardt will testify as to the basis of her opinions, including the standard operating procedures of the North Central Laboratory in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in her analysis of the items, as reflected fully in the case details report and data packet, which were provided in discovery at Bates 035185 and 035175. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case details reports and data packets.

   c. <u>Statement of Opinions</u>: Ms. Eccardt will testify she received ten bags of a crystalline substance, which in total contained approximately 4,400 grams of methamphetamine.

   d. <u>Qualifications</u>: Ms. Eccardt's qualifications are reflected in her curriculum vitae, attached as Exhibit 15 and provided in discovery at Bates 035220.

   e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

   f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

---

[11] Ms. Eccardt has signed and certified her lab report, which has been disclosed in discovery. Fed. R. Crim. P. 16(a)(1)(G)(v) (expert witness need not approve and sign the disclosure if expert previously provided a signed report containing all opinions and reasoning).

11. **Zachary Welgrin**, Forensic Chemist, Drug Enforcement Administration, North Central Laboratory, Chicago, IL.[12]

   a. <u>Summary</u>: The United States expects Mr. Welgrin will testify consistent with his report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 036649. Mr. Welgrin has signed and certified his report. Mr. Welgrin will provide testimony related to drugs seized from codefendant Carlos Batista Rodriguez's vehicle near Williston, ND, on or about September 1, 2022. Mr. Welgrin will testify regarding his analysis of the controlled substances, which is comprised of multiple baggies of crystalline substance, which contained approximately 1,750.9 grams of methamphetamine.

   b. <u>Bases for Opinions</u>: Mr. Welgrin will testify as to the basis of his opinions, including the standard operating procedures of the North Central Laboratory in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in his analysis of the items, as reflected fully in the case details report and data packet for both lab report, which were provided in discovery at Bates 036644 and 036651. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case details report and data packet.

   c. <u>Statement of Opinions</u>: Mr. Welgrin will testify he received four bags of a crystalline substance, which in total contained approximately 1,750.9 grams of methamphetamine.

   d. <u>Qualifications</u>: Mr. Welgrin's qualifications are reflected in his curriculum vitae, attached as Exhibit 16 and provided in discovery at Bates 036672.

   e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

   f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

---

[12] Mr. Welgrin has signed and certified his lab reports, which have been disclosed in discovery. Fed. R. Crim. P. 16(a)(1)(G)(v) (expert witness need not approve and sign the disclosure if expert previously provided a signed report containing all opinions and reasoning).

12. **Nicholas Beno**, Forensic Chemist, Drug Enforcement Administration, North Central Laboratory, Chicago, IL.[13]

    a. <u>Summary</u>: The United States expects Mr. Beno will testify consistent with his report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 035247. Mr. Beno has signed and certified his report. Mr. Beno will provide testimony related to drugs seized from codefendant Brett Hoiby's residence near Bismarck, ND, on or about September 21, 2022. Mr. Beno will testify regarding his analysis of the controlled substances, which is comprised of a green leafy plant material, which was identified as 109.6 grams of marijuana.

    b. <u>Bases for Opinions</u>: Mr. Beno will testify as to the basis of his opinions, including the standard operating procedures of the North Central Laboratory in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in his analysis of the items, as reflected fully in the case details report and data packet for his lab report, which were provided in discovery at Bates 035165 and 035169. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case details report and data packet.

    c. <u>Statement of Opinions</u>: Mr. Beno will testify he received one bag of green leafy plant material, which in total contained approximately 109.6 grams of marijuana.

    d. <u>Qualifications</u>: Mr. Beno's qualifications are reflected in his curriculum vitae, attached as Exhibit 17 and provided in discovery at Bates 035163.

    e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

    f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

---

[13] Mr. Beno has signed and certified his lab report, which has been disclosed in discovery. Fed. R. Crim. P. 16(a)(1)(G)(v) (expert witness need not approve and sign the disclosure if expert previously provided a signed report containing all opinions and reasoning).

13. **Louis Chavez**, Senior Forensic Chemist, Drug Enforcement Administration, North Central Laboratory, Chicago, IL.[14]

   a. <u>Summary</u>: The United States expects Mr. Chavez will testify consistent with his report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 035248. Mr. Chavez has signed and certified his report. Mr. Chavez will provide testimony related to drug paraphernalia seized from codefendant Brett Hoiby's residence near Bismarck, ND, on or about September 21, 2022. Mr. Chavez will testify regarding his analysis of the paraphernalia, which is comprised of a red and clear tube, a green digital scale, an empty glass bottle, and a black rubber lid with tubes, which tested positive for methamphetamine residue.

   b. <u>Bases for Opinions</u>: Mr. Chavez will testify as to the basis of his opinions, including the standard operating procedures of the North Central Laboratory in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in his analysis of the items, as reflected fully in the case details report and data packet for the lab report, which were provided in discovery at Bates 035237 and 035231. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case details report and data packet.

   c. <u>Statement of Opinions</u>: Mr. Chavez will testify he received a red and clear tube, a green digital scale, an empty glass bottle, and a black rubber lid with tubes, which tested positive for methamphetamine residue.

   d. <u>Qualifications</u>: Mr. Chavez's qualifications are reflected in his curriculum vitae, attached as Exhibit 18 and provided in discovery at Bates 035234.

   e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

   f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

---

[14] Mr. Chavez has signed and certified his lab report, which has been disclosed in discovery. Fed. R. Crim. P. 16(a)(1)(G)(v) (expert witness need not approve and sign the disclosure if expert previously provided a signed report containing all opinions and reasoning).

14. **Andrea Larick**, Senior Forensic Chemist, Drug Enforcement Administration, Southwest Laboratory, Vista, CA.[15]

   a. <u>Summary</u>: The United States expects Ms. Larick will testify consistent with her report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 036844. Ms. Larick has signed and certified her report. Ms. Larick will provide testimony related to drugs seized from codefendant Tony Enno's residence in Belcourt, ND, on or about September 21, 2022. Ms. Larick will testify regarding her analysis of the controlled substances, which is comprised of a baggie of crystalline substance, which contained approximately 10.1 grams of methamphetamine.

   b. <u>Bases for Opinions</u>: Ms. Larick will testify as to the basis of her opinions, including the standard operating procedures of the Southwest Laboratory in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in his analysis of the items, as reflected fully in the case details report and data packet for the lab report, which were provided in discovery at Bates 035112 and 035115. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case details report and data packet.

   c. <u>Statement of Opinions</u>: Ms. Larick will testify she received a baggie of a crystalline substance, which in total contained approximately 10.1 grams of methamphetamine.

   d. <u>Qualifications</u>: Ms. Larick's qualifications are reflected in her curriculum vitae, attached as Exhibit 19 and provided in discovery at Bates 035110.

   e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

   f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

---

[15] Ms. Larick has signed and certified her lab report, which has been disclosed in discovery. Fed. R. Crim. P. 16(a)(1)(G)(v) (expert witness need not approve and sign the disclosure if expert previously provided a signed report containing all opinions and reasoning).

15. **Aurelia Holifield**, Forensic Chemist, Drug Enforcement Administration, North Central Laboratory, Chicago, IL.[16]

a. <u>Summary</u>: The United States expects Ms. Holifield will testify consistent with her report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 036930. Ms. Holifield has signed and certified her report. Ms. Holifield will provide testimony related to drugs seized from codefendant Tony Enno's residence in Belcourt, ND, on or about September 21, 2022. Ms. Holifield will testify regarding her analysis of the controlled substances, which is comprised of a baggie of a tar-like substance, which contained approximately 54.7 grams of heroin.

b. <u>Bases for Opinions</u>: Ms. Holifield will testify as to the basis of her opinions, including the standard operating procedures of the North Central Laboratory in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in his analysis of the items, as reflected fully in the case details report and data packet for the lab report, which were provided in discovery at Bates 036894 and 036899. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case details report and data packet.

c. <u>Statement of Opinions</u>: Ms. Holifield will testify she received a baggie of a tar-like substance, which in total contained approximately 54.7 grams of heroin.

d. <u>Qualifications</u>: Ms. Holifield's qualifications are reflected in her curriculum vitae, attached as Exhibit 20 and provided in discovery at Bates 036931.

e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

---

[16] Ms. Holifield has signed and certified her lab report, which has been disclosed in discovery. Fed. R. Crim. P. 16(a)(1)(G)(v) (expert witness need not approve and sign the disclosure if expert previously provided a signed report containing all opinions and reasoning).

16. **Anna Kristina Mattox**, Lab Improvement Manager, Idaho State Police Forensic Services, Pocatello, ID.[17]

   a. <u>Summary</u>: The United States expects Ms. Mattox will testify consistent with her report and related documents which were provided to law enforcement and subsequently provided in discovery at Bates 35104. Ms. Mattox has signed and certified her report. Ms. Mattox will provide testimony related to drugs seized from Defendant Arturo Guzman's vehicle in Idaho Falls, ID, on or about September 4, 2022. Ms. Mattox will testify regarding her analysis of the controlled substances, which is comprised of a baggie of a crystalline substance, which contained approximately 9.28 grams of methamphetamine.

   b. <u>Bases for Opinions</u>: Ms. Mattox will testify as to the basis of her opinions, including the standard operating procedures of Idaho State Police Forensic Services in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in her analysis of the items, as reflected fully in the "case jacket" for the lab report, which was provided in discovery at 037619. Those testing processes and techniques include using pharmaceutical identifiers, conducting color test(s), and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the case jacket.

   c. <u>Statement of Opinions</u>: Ms. Mattox will testify she received a baggie of a crystalline substance, which in total contained approximately 9.28 grams of methamphetamine.

   d. <u>Qualifications</u>: Ms. Mattox's qualifications are reflected in her curriculum vitae, attached as Exhibit 22 and provided in discovery at Bates 037645.

   e. <u>Cases Testified as an Expert within Previous Four Years</u>: See curriculum vitae.

   f. <u>Publications Authored in Previous Ten Years</u>: See curriculum vitae.

17. **Levi Holter**, Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives, Fargo, ND.[18]

---

[17] Attached as Exhibit 21 is an Expert Witness Disclosure Acknowledgement signed by Ms. Mattox

[18] Attached as Exhibit 23 is an Expert Witness Disclosure Acknowledgement signed by Levi Holter.

a. <u>Summary</u>: The United States expects Levi Holter will testify about the history of several firearms seized in this case on or about December 12, 2021, January 12, 2022, February 24, 2022, and September 21, 2022, including that they were not manufactured in North Dakota; the firearms are designed to be capable of expelling a projectile by the action of an explosive; and the firearms are not antique, as further detailed in Agent Holter's reports at Bates 037609, 037611, and 042225.

b. <u>Bases for Opinions</u>: Agent Holter examined the firearms and researched their history.

c. <u>Statement of Opinions</u>: Agent Holter will testify that the following items traveled in interstate commerce to North Dakota as they were manufactured in the following areas:

  i. Kahr Arms, Model CW40, .40 caliber pistol, S/N FE6862 – Massachusetts
  ii. Remington, Model Sportsman 58, 12-gauge weapon made from a shotgun, S/N 225969M – New York
  iii. Heritage Manufacturing, Inc., Model Rough Rider, .22 caliber revolver, S/N P93129 – Florida
  iv. Springfield Armory, Model XD-9, 9mm caliber pistol, S/N XD163226 – Croatia
  v. Winchester, Model 100, .308 caliber rifle, S/N/ 35359 – Connecticut
  vi. Winchester, Model 37, .410 caliber shotgun with no S/N – Connecticut
  vii. Ruger, Model PC Carbine, 9mm rifle, S/N 910-66433 – New Hampshire
  viii. Winchester, Model 1300, 12-gauge shotgun, S/N L2952690 – Connecticut

d. <u>Qualifications</u>: Agent Holter's professional experience, education, training, and qualifications are fully listed in his curriculum vitae, attached as Exhibit 24 and provided in discovery at Bates 042191.

e. <u>Cases Testified as an Expert within Previous Four Years</u>: N/A.

f. <u>Publications Authored in Previous Ten Years</u>: N/A.

18. **Jeremy Schmidt**, Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives, Bismarck, ND.[19]

   a. <u>Summary</u>: The United States expects Jeremy Schmidt will testify about the history of several firearms seized in this case on or about September 21, 2022, including that they were not manufactured in North Dakota; the firearms are designed to be capable of expelling a projectile by the action of an explosive; and the firearms are not antique, as further detailed in Agent Schmidt's report at Bates 037613.

   b. <u>Bases for Opinions</u>: Agent Schmidt examined the firearms and researched their history.

   c. <u>Statement of Opinions</u>: Agent Schmidt will testify that the following items traveled in interstate commerce to North Dakota as they were manufactured in the following areas:

        i. Ruger, Mini-14, .223 caliber rifle, S/N 186-68339 – New Hampshire
       ii. B King's Firearms, M4 MOD-0, .556 caliber rifle, S/N MOD-0-01810 – South Carolina
      iii. New England Firearms, Pardner .410 caliber weapon made from a shotgun, S/N NN3933989
       iv. Stoeger, Model 2000 12-gauge weapon made from a shotgun, S/N 923808 - Turkey

   d. <u>Qualifications</u>: Agent Schmidt's professional experience, education, training, and qualifications are fully listed in his curriculum vitae, attached as Exhibit 26 and provided in discovery at Bates 036315.

   e. <u>Cases Testified as an Expert within Previous Four Years</u>: N/A.

   f. <u>Publications Authored in Previous Ten Years</u>: N/A.

---

[19] Attached as Exhibit 25 is an Expert Witness Disclosure Acknowledgement signed by Jeremy Schmidt.

19. **Jon Karger**, Detective, Otter Tail County Sheriff's Department, Fergus Falls, MN.[20]

    a. <u>Summary</u>: The United States expects Jon Karger will testify regarding a phone download he performed of unindicted coconspirator S.E.'s cellular phone on November 6, 2022, seized from S.E. on or about November 3, 2022.

    b. <u>Bases for Opinions</u>: Detective Karger is a certified Cellebrite operator and will testify about the imaging of the cell phone, examination process, forensic tools utilized, and results of the examination. A report regarding the examination process, including use of the forensic tools and the Cellebrite forensic examination, which set forth the results of the examination, were previously provided to Defendants in discovery at Bates 028099. The entire phone dump was provided to Defendants in native format at discovery item E68 and at Bates 028098 and 028109. As set forth in the reports, Detective Karger will testify about his recovery of text messages, calls, pictures, and other data from S.E.'s cell phone.

    c. <u>Statement of Opinions</u>: Detective Karger will testify the phone download is a relatively complete and accurate copy of the contents of S.E.'s phone, although the Cellebrite technology may not be able to get all information from a phone, depending on the phone's make, model, year of manufacture, and security settings.

    d. <u>Qualifications</u>: Agent Karger's qualifications are reflected in his curriculum vitae, attached as Exhibit 28 and provided in discovery at Bates 042196.

    e. <u>Cases Testified as an Expert in Previous Four Years</u>: N/A.

    f. <u>Publications Authored in Previous Ten Years</u>: N/A.

20. **Lisa Gemar**, Criminal Analyst/Computer Forensics Analyst, Homeland Security Investigations, Grand Forks, ND.[21]

    a. <u>Summary</u>: The United States expects Agent Gemar will testify regarding a phone download she performed of codefendant Dana Thomas's cellular phone seized from Thomas on or about August 9, 2022.

---

[20] Attached as Exhibit 27 is an Expert Witness Disclosure Acknowledgement signed by Jon Karger.

[21] Attached as Exhibit 29 is an Expert Witness Disclosure Acknowledgement signed by Lisa Gemar.

b. <u>Bases for Opinions</u>: Agent Gemar is a certified Cellebrite operator and will testify about the imaging of the cell phone, examination process, forensic tools utilized, and results of the examination. A report regarding the examination process, including use of the forensic tools and the Cellebrite forensic examination, which set forth the results of the examination, were previously provided to Defendants in discovery in native format at Bates 034685. The entire phone dump was provided to Defendants in native format at discovery item E118. As set forth in the reports, Agent Gemar will testify about her recovery of text messages, calls, pictures, and other data from Thomas's cell phone.

c. <u>Statement of Opinions</u>: Agent Gemar will testify the phone download is a relatively complete and accurate copy of the contents of Thomas's phone, although the Cellebrite technology may not be able to get all information from a phone, depending on the phone's make, model, year of manufacture, and security settings.

d. <u>Qualifications</u>: Agent Gemar's qualifications are reflected in her curriculum vitae, attached as Exhibit 30 and provided in discovery at Bates 043005.

e. <u>Cases Testified as an Expert in Previous Four Years</u>: N/A.

f. <u>Publications Authored in Previous Ten Years</u>: N/A.

21. **Ward Williams**, Special Agent, Minnesota Bureau of Criminal Apprehension, Alexandria, MN.[22]

a. <u>Summary</u>: The United States expects Ward Williams will testify regarding a phone download he performed of codefendant Michael Haugland's cellular phone on or about October 7, 2022, seized from Haugland on or about September 21, 2022.

b. <u>Bases for Opinions</u>: Agent Williams is a certified Cellebrite operator and will testify about the imaging of the cell phone, examination process, forensic tools utilized, and results of the examination. A report regarding the examination process, including use of the forensic tools and the Cellebrite forensic examination, which set forth the results of the examination, were previously provided to Defendants in discovery in native format at E43 and Bates 024237 and 042218. The entire phone dump was provided to

---

[22] Attached as Exhibit 31 is an Expert Witness Disclosure Acknowledgement signed by Ward Williams.

Defendants in native format at discovery item E100 and at Bates 032379. As set forth in the reports, Agent Williams will testify about his recovery of text messages, calls, pictures, and other data from Haugland's cell phone.

c. <u>Statement of Opinions</u>: Agent Williams will testify the phone download is a relatively complete and accurate copy of the contents of Haugland's phone, although the Cellebrite technology may not be able to get all information from a phone, depending on the phone's make, model, year of manufacture, and security settings.

d. <u>Qualifications</u>: Agent Williams's qualifications are reflected in his curriculum vitae, attached as Exhibit 32 and to be provided in supplemental discovery.

e. <u>Cases Testified as an Expert in Previous Four Years</u>: N/A.

f. <u>Publications Authored in Previous Ten Years</u>: N/A.

22. **Laura Wanzek**, Detective, Ramsey County, ND, Sheriff's Department, Devils Lake, ND.[23]

a. <u>Summary</u>: The United States expects Laura Wanzek will testify regarding a phone download she performed of codefendant Jeremy Hoover's cellular phone on August 17, 2022, seized from Hoover on or about August 6, 2022.

b. <u>Bases for Opinions</u>: Agent Wanzek is a certified Cellebrite operator and will testify about the imaging of the cell phone, examination process, forensic tools utilized, and results of the examination. A report regarding the examination process, including use of the forensic tools and the Cellebrite forensic examination, which set forth the results of the examination, were previously provided to Defendants in discovery in native Bates 023451 and 020216. The entire phone dump was provided to Defendants at Bates 020271. As set forth in the reports, Agent Wanzek will testify about her recovery of text messages, calls, pictures, and other data from Hoover's cell phone.

c. <u>Statement of Opinions</u>: Agent Wanzek will testify the phone download is a relatively complete and accurate copy of the contents of Hoover's phone, although the Cellebrite technology may not be able to get all information

---

[23] Attached as Exhibit 33 is an Expert Witness Disclosure Acknowledgement signed by Laura Wanzek.

from a phone, depending on the phone's make, model, year of manufacture, and security settings.

d. <u>Qualifications</u>: Agent Wanzek's qualifications are reflected in her curriculum vitae, attached as Exhibit 34 and provided in discovery at Bates 043564.

e. <u>Cases Testified as an Expert in Previous Four Years</u>: N/A.

f. <u>Publications Authored in Previous Ten Years</u>: N/A.

23. **Charlene Rittenbach**, Senior Forensic Scientist, North Dakota Attorney General's Office, State Crime Lab, Bismarck, ND.[24]

a. <u>Summary</u>: The United States expects Ms. Rittenbach will testify consistent with her report and related documents which were provided to law enforcement and will be provided in supplemental discovery. Ms. Rittenbach has signed and certified her report. She will provide testimony related to the items seized from Defendant Brendan Moore during a search of his vehicle on December 12, 2021. Ms. Rittenbach will testify regarding her analysis of the controlled substances, which is comprised of multiple baggies of crystalline substance containing approximately 1,266.4 total grams of methamphetamine, as well as a baggie of 500+ blue pills containing approximately 55.6 grams of fentanyl.

b. <u>Bases for Opinions</u>: Ms. Rittenbach will testify as to the basis of her opinions, including the standard operating procedures of the North Dakota Crime Lab in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in her analysis of the items, as reflected fully in the North Dakota Crime Lab Discovery Packet, which will be provided in supplemental discovery. Those testing processes and techniques include using pharmaceutical identifiers, conducting a color test, and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the North Dakota Crime Lab discovery packet.

c. <u>Statement of Opinions</u>: Ms. Rittenbach will testify she received 5 bags of a crystalline substance and one back containing blue pills. The baggies of crystalline substance contained approximately 1,266.4 grams of

---

[24] Attached as Exhibit 35 is an Expert Witness Disclosure acknowledgement signed by Ms. Rittenbach.

methamphetamine, and the baggie of pills contained approximately 55.6 grams of fentanyl.

d. <u>Qualifications</u>: Ms. Rittenbach's qualifications are reflected in her curriculum vitae, attached as Exhibit 36 and provided in discovery at Bates 043007.[25]

e. <u>Cases Testified as an Expert within Previous Four Years</u>:

    i. <u>United States v. Antjuan Britton</u>, United States District Court, District of North Dakota, Case 3:20-cr-00147.

    ii. <u>State v. Justin Kastner</u>, Burleigh County, ND, Case 08-2018-CR-3292.

    iii. <u>State v. Maurice Haymon</u>, Cass County, ND, Case 09-2018-CR-3767.

    iv. <u>United States v. William Glarner, III</u>, United States District Court, Central District of California, Case 8:19-cr-00065.

    v. <u>State v. Archie Mooney</u>, Williams County, ND, Case 53-2018-CR-1833.

    vi. <u>State v. Alex Warren Hillukka</u>, Pembina County, ND, Case 34-2018-CR-185.

    vii. <u>State v. Jonathan Cobbs</u>, Cass County, ND, Case 09-2019-CR-1395.

    viii. <u>State v. Matthew Hippen</u>, Grand Forks County, ND, Case 18-2020-CR-749.

    ix. <u>State v. Gary Houle, Jr.</u>, Ward County, ND, Case 51-2020-CR-1549.

    x. <u>State v. Joshua Roberts</u>, Grand Forks County, ND, Case 18-2021-CR-565.

    xi. <u>State v. Abdinasir Farah</u>, Grand Forks County, ND, Case 18-2021-CR-1286.

f. <u>Publications Authored in Previous Ten Years</u>: N/A.

24. **Bena Hernandez**, Intelligence Analyst, North Dakota Bureau of Criminal Investigation, Williston, ND.[26]

---

[25] Fed. R. Crim. P. 16(a)(1)(G)(iv) (information previously disclosed may be referred to rather than repeated in this disclosure).

[26] Attached as Exhibit 37 is an Expert Witness Disclosure Acknowledgement signed by Bena Hernandez.

a. Summary: The United States expects Ms. Hernandez will testify regarding the phone download she performed in this case on September 12, 2022, of codefendant Carlos Batista Rodriguez's cell phone, seized from Batista Rodriguez on September 1, 2022.

b. Bases for Opinions: Ms. Hernandez is a certified Cellebrite operator and will testify about the imaging of the cell phone, examination process, forensic tools utilized, and results of the examination. Reports regarding the examination process, including use of the forensic tools and the Cellebrite forensic examination, which set forth the results of the examination, were previously provided to Defendant in discovery in native format at Bates 017157 and 024733. The entire phone dump was provided in discovery at discovery item E22. As set forth in the reports, Ms. Hernandez will testify about her recovery of text messages, calls, pictures, and other data from Batista Rodriguez's cell phone.

c. Statement of Opinions: Ms. Hernandez will testify the phone download is a relatively complete and accurate copy of the contents of Batista Rodriguez's phone, although the Cellebrite technology may not be able to get all information from a phone, depending on the phone's make, model, year of manufacture, and security settings.

d. Qualifications: Ms. Hernandez's qualifications are reflected in her curriculum vitae, attached as Exhibit 38 and to be provided in supplemental discovery.

e. Cases Testified as an Expert in Previous Four Years: N/A.

f. Publications Authored in Previous Ten Years: N/A.

25. **Earl Hewitt**, Director of Operations, JSI Telecom, Inc., Chantilly, VA.[27]

a. Summary: The United States does not believe Mr. Hewitt is an expert witness. Rather, he is a custodian of records. The United States is including him in this expert notice out of an abundance of caution. Mr. Hewitt is employed by JSI Telecom, Inc. (JSI). JSI is a company that specializes in providing a platform that lawfully and accurately receives intercepted communications from mobile providers so law enforcement can review them. Essentially, JSI is a records custodian. Mr. Hewitt will verify the communications offered at trial are the

---

[27] Attached as Exhibit 39 is an Expert Witness Disclosure Acknowledgement signed by Earl Hewitt.

same as the communications received by JSI from the mobile provider and have not been altered.

b. <u>Bases for Opinions</u>: Mr. Hewitt has been the Direct of Operations for JSI for the past eight years and has 21 years of experience as a DEA agent. JSI specializes in designing and manufacturing equipment that accurately and lawfully gathers intercepted wire and electronic communications pursuant to court orders. JSI's primary product is an intercept system called 4Sight UCM, which is utilized by law enforcement agencies throughout the country. Mr. Hewitt's involvement with JSI affords him the knowledge to testify as to the various aspects of collecting intercepted communications.

c. <u>Statement of Opinions</u>: The United States expects to offer approximately 82 wire communications and numerous electronic communications at trial. Mr. Hewitt will testify he reviewed each communication and compared its digital signature and/or hash value to the communications the mobile provider—in this case, T-Mobile—provided to JSI for law enforcement review. Mr. Hewitt will testify that based on these digital signatures and/or hash values matching, the communications offered at trial are identical to what JSI received from the mobile provider. This is not an expert opinion. Rather, Mr. Hewitt is simply reviewing and confirming the records offered at trial are the same ones JSI received from the mobile provider.

d. <u>Qualifications</u>: Mr. Hewitt's qualifications are reflected in his curriculum vitae, attached as Exhibit 40 and to be provided in supplemental discovery.

e. <u>Cases Testified as an Expert in Previous Four Years</u>: See curriculum vitae.

f. <u>Publications Authored in Previous Ten Years</u>: N/A.

26. **Bethany Shalley**, Forensic Scientist, North Dakota Attorney General's Office, State Crime Lab, Bismarck, ND.[28]

a. <u>Summary</u>: The United States expects Ms. Shalley will testify consistent with her report and related documents which were provided to law enforcement and will be provided in supplemental discovery. Ms. Shalley

---

[28] Attached as Exhibit 41 is an Expert Witness Disclosure Acknowledgement signed by Bethany Shalley.

has signed and certified her report. She will provide testimony related to the items seized from Defendant David Knuth during a search of his vehicle on July 7, 2022. Ms. Shalley will testify regarding her analysis of the controlled substances, which is comprised of multiple baggies of crystalline substance containing approximately 15 grams of methamphetamine.

b. <u>Bases for Opinions</u>: Ms. Shalley will testify as to the basis of her opinions, including the standard operating procedures of the North Dakota Crime Lab in receiving, storing, and analyzing the various items, and the means, methods (tests/techniques), and instruments used in her analysis of the items, as reflected fully in the North Dakota Crime Lab Discovery Packet, which will be provided in supplemental discovery. Those testing processes and techniques include using pharmaceutical identifiers, conducting a color test, and analyzing the items using a gas chromatograph/mass spectrometer, the details of which are identified throughout the North Dakota Crime Lab discovery packet.

c. <u>Statement of Opinions</u>: Ms. Shalley will testify she received multiple small baggies of a crystalline substance, each containing methamphetamine.

d. <u>Qualifications</u>: Ms. Shalley's qualifications are reflected in her curriculum vitae, attached as Exhibit 42 and provided in discovery at Bates 035553.

e. <u>Cases Testified as an Expert within Previous Four Years</u>:

    i. <u>State v. Carl Ford</u>, Cass County, ND Case 09-2022-CR-2344.
    ii. <u>State v. Jarrod Henderson</u>, Ward County, ND Case 51-2023-CR-1554.
    iii. <u>State v. Michelle Pittsley</u>, Burleigh County, ND Case 08-2023-CR-3480.

f. <u>Publications Authored in Previous Ten Years</u>: N/A.

The United States reserves the right to supplement or amend this notice of expert testimony.

Dated: May 7, 2024

MAC SCHNEIDER
United States Attorney

By:     */s/ Alexander J. Stock*
        ALEXANDER J. STOCK
        Assistant United States Attorney
        ND Bar ID 07979
        655 First Avenue North, Suite 250
        Fargo, ND 58102-4932
        (701) 297-7400
        alexander.stock@usdoj.gov
        Attorney for United States

By:     */s/ Brett M. Shasky*
        BRETT M. SHASKY
        Assistant United States Attorney
        ND Bar ID 04711
        655 First Avenue North, Suite 250
        Fargo, ND 58102-4932
        (701) 297-7400
        brett.shasky@usdoj.gov
        Attorney for United States

By:     */s/ Dawn M. Deitz*
        DAWN M. DEITZ
        Assistant United States Attorney
        ND Bar ID 06534
        655 First Avenue North, Suite 250
        Fargo, ND 58102-4932
        (701) 297-7400
        dawn.deitz@usdoj.gov
        Attorney for United States